UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JAMES A. REED, LINDA LOU MULL REED, MASTERWEAR, INC., WILLIAM J. CURE, ELIZABETH J. CURE, HOOSIER INSURANCE COMPANY, CHARLES MASON, RUBY STEINER, BILLY J. CUNNINGHAM, MARY ANN CUNNINGHAM, THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, THE INDIANA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, CITY OF MARTINSVILLE, INDIANA, and UNITED STATES FIDELITY AND GUARANTY COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   CASE NO. 1:04-cv-2027-DFH-WTL |
| Defendants. | ) ) |

ENTRY ON MOTIONS TO DISMISS BASED ON SOVEREIGN IMMUNITY

Plaintiff Ohio Casualty Insurance Company filed this action for interpleader and a declaratory judgment to resolve the extent of its liability for chemical pollution of groundwater used to supply drinking water for the public water system in Martinsville, Indiana. The pollution has disrupted the public water supply in the city. Expensive clean-up efforts have begun, and numerous lawsuits are pending. Ohio Casualty sold liability insurance to some of the potentially responsible parties. In this lawsuit, Ohio Casualty contends that its liability limit

in the entire matter is $1.5 million. It wishes to pay $1.5 million into the court and walk away, leaving all other interested parties to divide those funds and to sort out all remaining issues.

Ohio Casualty has named as defendants the potentially responsible parties and their insurers. It has also named as defendants the United States Environmental Protection Agency (USEPA) and the Indiana Department of Environmental Management (IDEM). Ohio Casualty seeks relief that includes an injunction against all defendants, including the government agencies, from pursuing it for further payments on behalf of its insureds, as well as a declaration binding all parties to the effect that its liability is limited to $1.5 million. Several other insurers are defendants. Hoosier Insurance Company, State Automobile Mutual Insurance Company (State Auto), and United States Fidelity & Guaranty Company (USF&G) have also asserted similar cross-claims against other defendants, including USEPA and IDEM, seeking declarations that they have no duty to defend or indemnify, or that they have only limited liability to indemnify.

IDEM and USEPA have filed a total of six motions to dismiss Ohio Casualty's claims against them and the cross-claims against them on grounds of sovereign immunity.[1]  As explained below, the court grants all six motions. Both agencies will stay involved in the litigation, however, for the court has pending before it a CERCLA enforcement action filed by USEPA to recover clean-up costs

---

[1] The motions are Docket Nos. 40, 87, 138, 140, 198, and 222.

and declare liability for future costs, *United States v. Masterwear Corp., et al.*, No. 1:05-cv-0373-JDT-WTL. Another related case here is *City of Martinsville v. Masterwear Corp., et al.*, No. 1:04-cv-1994-RLY-WTL. All three cases have been consolidated for purposes of discovery, but they remain separate actions.

I.     *Eleventh Amendment Immunity*

The Eleventh Amendment to the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Eleventh Amendment limits the power of the federal judiciary to consider claims for relief against state governments that do not consent to such federal jurisdiction. See *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98 (1984). IDEM is an arm of the State of Indiana and is entitled to the protection of the Eleventh Amendment. See *Alabama v. Pugh*, 438 U.S. 781 (1978); *Kroll v. Board of Trustees of University of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991).

The insurers point out that a state may consent to be sued in federal court and may take action that effectively waives its Eleventh Amendment immunity. See Docket No. 237 at 4; accord, *e.g.*, *Ford Motor Co. v. Department of Treasury of State of Indiana*, 323 U.S. 459, 464-65 (1945). The insurers have not identified

any basis for finding consent or waiver in this case, however. Instead, plaintiff Ohio Casualty summoned IDEM into this court against its will.

The insurers also suggest that their claims and cross-claims against IDEM fall outside the scope of the Eleventh Amendment's prohibition because they do not seek money from the state. It is true that many Eleventh Amendment cases turn on whether the state's treasury is at risk, though generally only in determining whether a particular entity is in fact and law an arm of the state. *E.g., Regents of University of California v. Doe*, 519 U.S. 425, 430-31 (1997); see also *Edelman v. Jordan*, 415 U.S. 651, 666 (1974) (Eleventh Amendment barred federal court from ordering state officials in official capacities to pay retroactive award of welfare benefits denied contrary to federal law). In this case, there is no doubt that IDEM is an arm of the state. As for the point that only declaratory relief is sought against IDEM, Judge Posner has pointed out: "It is enough that it is a suit against the state. The text of the Eleventh Amendment could not be much clearer on this point: 'The judicial power of the United States shall not be construed to extend to *any* suit in law or equity, commenced or prosecuted against one of the United States' (emphasis added)." *Velasquez v. Frapwell*, 160 F.3d 389, 393 (7th Cir. 1998), vacated in part on other grounds, 165 F.3d 593 (7th Cir. 1999).[2]

---

[2]The Supreme Court's decision in *Ex parte Young*, 209 U.S. 123 (1908), has long provided a mechanism for enforcing federal law against a state official who has been violating federal law. *Young* held that the Eleventh Amendment does not bar a claim against a state official in his official capacity seeking only injunctive
(continued...)

The insurers cite *United States v. Iron Mountain Mines, Inc.*, 952 F. Supp. 673 (E.D. Cal. 1996), to try to avoid the Eleventh Amendment. In that case the federal government and state government filed a CERCLA lawsuit in federal court seeking relief against parties potentially responsible for pollution. Judge Levi held that the Eleventh Amendment did not bar a counterclaim in "recoupment" against the state, up to the value of the state's own claim. *Id.* at 678. That reasoning is sound, but it has no application in this action, in which the state agency is not a plaintiff.

In a final effort to avoid the Eleventh Amendment, the insurers appeal to judicial economy. They contend that a declaratory judgment action with all the interested parties is "the most just, expeditious and economical manner of determining the entire controversy." Docket No. 237 at 6. They point out the purpose of the federal Declaratory Judgment Act, and the need to construe it liberally, to afford relief from uncertainty and insecurity regarding legal rights and status. They cite Rule 19 of the Federal Rules of Civil Procedure, suggesting that IDEM is a necessary party. The short answer to this argument is that neither judicial desires for economy nor adoption of a Federal Rule of Civil Procedure can abrogate the command of an amendment to the United States Constitution. See

---

[2](...continued)
or declaratory relief for an ongoing violation of federal law. 209 U.S. at 155-60. In this case, the insurers make no claim that any state official is violating federal law, such that they might resort to *Young*.

U.S. Const. art. VI (Constitution, federal laws, and treaties "shall be the supreme law of the land").

Accordingly, IDEM's motions to dismiss the claims of Ohio Casualty and the cross-claims of State Auto and Hoosier are hereby granted. The court also dismisses the cross-claim of USF&G against IDEM.[3]

State Auto has asked the court to consider whether IDEM is not merely a necessary party but an indispensable party under Rule 19, such that the court should dismiss the entire action in its absence. Docket No. 237 at 8. State Auto has argued why it might be advantageous to other parties to include IDEM in the lawsuit. State Auto has not yet offered any argument or authority for holding that the claims otherwise properly before the court should not be resolved in the absence of IDEM. Also, State Auto has not actually moved to dismiss on the indispensable party basis, such that Ohio Casualty would be fairly on notice that it needs to defend its effort to seek relief in this case. Accordingly, the court declines to decide this issue definitively at this stage.[4]

---

[3]The IDEM motions granted are Docket Nos. 40, 138, and 140. Also, on May 27, 2005, USF&G filed a cross-claim seeking relief against all other defendants, including IDEM. USEPA has moved to dismiss the cross-claim against it, but the court record contains no response from IDEM to the USF&G cross-claim. For the reasons set forth above, it is clear that USF&G's cross-claim against IDEM must also be dismissed.

[4]State Auto has cited *Davis v. United States*, 192 F.3d 951, 959 (10th Cir. 1999), with the startling description that the case recognized that "even if an entity has sovereign immunity that may not abrogate the application of Rule 19."
(continued...)

II.     *Sovereign Immunity of the United States*

The USEPA has also filed motions to dismiss Ohio Casualty's claims against it, as well as the cross-claims of Hoosier, USF&G, and State Auto, on grounds of sovereign immunity.

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); accord, *e.g.*, *Department of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). The insurers have not identified any statutory or other explicit waiver of sovereign immunity that would apply here.[5]

State Auto has opposed the USEPA motion, and the other insurers have joined in that response. State Auto argues first that USEPA voluntarily submitted to the jurisdiction of this court when it filed a separate civil action in this court seeking to enforce federal environmental laws against other parties who are

---

[4](...continued)
No. 237 at 7. Upon review of the Tenth Circuit's decision, however, it is clear that the court did not, of course, hold or even suggest that Rule 19 or a perceived need to have a party before the court could trump sovereign immunity. The immunity in *Davis* was that of an Indian tribe. The Tenth Circuit held that the district court had properly respected the tribe's sovereign immunity, but had not sufficiently supported its conclusion that the case should be dismissed in the tribe's absence. 192 F.3d at 961-62.

[5]28 U.S.C. § 2410(a)(5) waives sovereign immunity for, among other actions, interpleader actions with respect to real or personal property on which the United States has or claims a mortgage or other lien. No party has argued that this interpleader action concerning insurance coverage and/or the related cross-claims fall within this express waiver of sovereign immunity.

-7-

potentially responsible for the pollution in question. State Auto has not cited any case holding that the United States waives its sovereign immunity in one civil case by filing another civil case against separate parties, even if the two cases are related.

State Auto also suggests that recoupment might be available against the United States, again citing *United States v. Iron Mountain Mines*, 952 F. Supp. at 678. Recoupment is a doctrine under which a party whom the sovereign has sued may assert in its defense a claim against the sovereign arising from the same transaction or occurrence, but only to defeat or diminish the sovereign's recovery, not for further affirmative relief. See *id.* at 676, citing 6 Wright & Miller, Federal Practice & Procedure § 1401 (1990). The doctrine has no apparent application in this case, in which USEPA does not seek relief against Ohio Casualty or any of the other insurers. If the insurers believe they need to intervene in the separate but related enforcement action filed by USEPA, they may seek to do so, and the issue may be addressed in that action.[6]

State Auto also suggests that the court should reject USEPA's claim of sovereign immunity because it would be more just, expeditious, and economical to force all the interested parties into this lawsuit. No. 250 at 7. As with the

---

[6]The court need not decide here the proper scope of a recoupment claim against the USEPA in a case the federal government has actually filed itself. See generally *United States v. Iron Mountain Mines, Inc.*, 881 F. Supp. 1432, 1456 (E.D. Cal. 1995) (finding in CERCLA enforcement action that recoupment based on state law and non-CERCLA federal law was not available).

similar argument regarding IDEM's Eleventh Amendment immunity, the court is not free to ignore the fundamental principle of sovereign immunity merely because it would be more convenient for the court and the other parties to do so. Nor may the court do so merely because Rule 19 might allow joinder of a similarly situated non-sovereign party against its will.

Hoosier Insurance has filed its own brief opposing dismissal of its cross-claim against the EPA. No. 283. Hoosier adds to the mix a citation to *O'Leary v. Moyer's Landfill, Inc.*, 677 F. Supp. 807, 818-19 (E.D. Pa. 1988), a CERCLA case in which the court rejected the USEPA's sovereign immunity defense when the court-appointed receiver sought to join the agency as a defendant to prevent it from interfering with implementation of an existing court consent decree. The court found that sovereign immunity had been waived through the Administrative Procedure Act, which applied because the receiver sought equitable relief against an agency action. The reasoning of *O'Leary* does not apply to this case. The insurers do not challenge any decision by the USEPA within the scope of the Administrative Procedure Act. They seek instead a declaratory judgment binding USEPA on issues concerning the insurers' own liability for the clean-up and related expenses. Those claims fall outside the scope of the Administrative Procedure Act.

Accordingly, the motions to dismiss filed by the USEPA are hereby granted. This decision applies to Docket Nos. 87, 198, and 222.

So ordered.

Date: July 20, 2005

*David F. Hamilton*

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Thomas Andrew Benson
U.S. DEPARTMENT OF JUSTICE - ENVIRONMENTAL ENFORCEMENT
thomas.benson@usdoj.gov

Theodore J. Blanford
HUME SMITH GEDDES GREEN & SIMMONS
tblanford@humesmith.com

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

Stephen P. Brown
PLUNKETT & COONEY PC
sbrown@plunkettcooney.com

Charles W. Browning
PLUNKETT & COONEY, P.C.
cbrowning@plunkettcooney.com

Adam A. Carroll
HUME SMITH GEDDES GREEN & SIMMONS
acarroll@humesmith.com

Michael D. Chambers
SOMMER BARNARD ATTORNEYS, PC
mchambers@sommerbarnard.com

Frank J. Deveau
SOMMER BARNARD ATTORNEYS, PC
fdeveau@sommerbarnard.com

Jonathan P. Emenhiser
PLEWS SHADLEY RACHER & BRAUN
jemenhiser@psrb.com

David R. Gillay
BARNES & THORNBURG
david.gillay@btlaw.com

Alan David Greenberg
U.S. DEPARTMENT OF JUSTICE
alan.greenberg@usdoj.gov

Edward S. Griggs
BARNES & THORNBURG
sean.griggs@btlaw.com

Kandi Kilkelly Hidde
BINGHAM MCHALE
khidde@binghammchale.com

Barbara A. Jones
BINGHAM MCHALE, LLP
bjones@binghammchale.com

Timothy J. Junk
INDIANA STATE ATTORNEY GENERAL
tjunk@atg.state.in.us

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Ginny L. Peterson
KIGHTLINGER & GRAY
gpeterson@k-glaw.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

Jana K. Strain
PRICE WAICUKAUSKI RILEY & DEBROTA
jstrain@price-law.com

Brad R. Sugarman
SOMMER BARNARD ATTORNEYS, PC
bsugarman@sommerbarnard.com

Karen E. Torrent

UNITED STATES DEPARTMENT OF JUSTICE
karen.torrent@usdoj.gov

William C. Wagner
SOMMER BARNARD ATTORNEYS, PC
wwagner@sommerbarnard.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI RILEY & DEBROTA
rwaicukauski@price-law.com

Jill E. Zengler
UNITED STATES ATTORNEY'S OFFICE
jill.zengler@usdoj.gov