UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES A. REED, LINDA LOU MULL REED, MASTERWEAR, INC., WILLIAM J. CURE, ELIZABETH J. CURE, UNITED STATES FIDELITY AND GUARANTY COMPANY, HOOSIER INSURANCE COMPANY, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, CHARLES MASON, RUBY PRUITT d/b/a RUBY'S DINER, BILLY J. CUNNINGHAM, MARY ANN CUNNINGHAM, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, INDIANA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, CITY OF MARTINSVILLE, INDIANA, HOMETOWN TRANSMISSION, INC., SAMUEL and DELORES NEAL, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:04-cv-2027-DFH-WTL |
| Defendants. | ) | |

ORDER ON MOTION TO DISMISS AND ORDER
TO SHOW CAUSE UNDER RULE 11(c)(1)(B)

In decisions issued on August 11, 2006 and September 14, 2006, the court

concluded that interpleader jurisdiction under 28 U.S.C. § 1335 required plaintiff

Ohio Casualty Insurance Company to deposit with the court the contested funds.

In the initial decision, the court concluded that the amount should be $1,579,533

and that it should be deposited no later than August 18, 2006 to ensure the

court's jurisdiction.  *Ohio Casualty Ins. Co. v. Reed*,  2006 WL 2348957, *16 (S.D. Ind. Aug. 11, 2006).  Ohio Casualty did not comply with that deadline but instead moved for an extension of time to make the deposit.  Upon further consideration of the issue in the second decision, the court concluded that the amount to be deposited should be $2,770,000.  Slip op. at 5-8.  The September 14, 2006 decision directed Ohio Casualty to deposit the sum with the court no later than September 22, 2006.

Ohio Casualty did not respond by depositing the sum with the court. Instead, Ohio responded with a motion to dismiss saying that it had "elected not to interplead the requested amount, and, thus, not invoke this Court's jurisdiction for statutory interpleader."  Docket No. 458 ¶ 4.  The court held the motion awaiting responses. The City of Martinsville responded on October 10, 2006 with understandable indignation, suggesting that Ohio Casualty had acted in contempt of court.  The City argued that:  (1) dismissal should be granted with prejudice, (2) Ohio Casualty should be required to pay the costs of litigation as a condition of dismissal, and (3) discovery already conducted in this case should be preserved.

The court shares some of the City's reaction to Ohio Casualty's astonishing actions.  The court's responses must be somewhat different from those suggested, however, because dismissal is required for lack of subject matter jurisdiction. "[W]hen a suit is dismissed for want of subject-matter jurisdiction . . . it is error to make the dismissal with prejudice."  *Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir.

1997).  Dismissal with prejudice would not be proper because the lack of subject matter jurisdiction means that the court does not have the power to resolve the merits of the lawsuit.  Dismissal with prejudice would bar a new effort to litigate the claims presented by this litigation.  Similarly, because dismissal for lack of subject-matter jurisdiction is mandatory, the court cannot impose conditions for dismissal, as it could under Rule 41(a)(2).  See, *e.g.*, *PetSmart, Inc. v. Roesler*, 2004 WL 3086877 (S.D. Ind. Dec. 1, 2004) (granting dismissal without prejudice on condition that plaintiff pay defendants' attorney fees).

Nevertheless, Ohio Casualty's tactics are not without consequences.  Federal law authorizes a district court to order "the payment of just costs" when an action is dismissed for want of jurisdiction.  28 U.S.C. § 1919.  Under these circumstances, where the interpleader plaintiff's invocation of the court's jurisdiction was faulty and the plaintiff, after receiving a partial ruling, chose not to take the steps needed to correct the jurisdictional problem, it is "just" to award defendants their costs incurred in this action.  Such costs, however, do not include attorney fees, but are limited to the costs available to prevailing parties under 28 U.S.C. § 1920.  *Signorile v. Quaker Oats Co.*, 499 F.2d 142, 145 (7th Cir. 1974) (reversing award that included attorney fees); *LeVake v. Zawistowski*, 2004 WL 602649, *3 (W.D. Wis. March 12, 2004) (awarding costs but not attorney fees under § 1919).[1]

---

[1]In contrast, Rule 54(d) cannot serve as the basis for an award of costs because defendants are not "prevailing parties" under Rule 54(d) when the action

(continued...)

On the more substantial issue of attorney fees, the court believes that there is a serious issue as to whether Ohio Casualty has violated Rule 11 of the Federal Rules of Civil Procedure.  Rule 11(c)(1)(B) allows a court on its own initiative to enter an order describing the specific conduct that appears to violate Rule 11(b) and directing a party to show cause why it has not violated Rule 11(b).  The court hereby orders Ohio Casualty to show cause **no later than November 22, 2006** why it has not violated Rule 11(b) by:

> (1)    invoking federal interpleader jurisdiction and pursuing this action without complying with the basic requirement of 28 U.S.C. § 1335: depositing with the court the sum in controversy, either in cash or through some other form of bond or security.  See 28 U.S.C. § 1335(a)(2); *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 798 (7th Cir. 1980).

> (2)    alleging in its original complaint and its amended complaint that "OCIC commits that it will upon proper motion and order from the Court, deposit with the Court the difference between the indemnity payments previously paid by OCIC for the contamination at the Site and its limit of liability of $1,500,000 and make a full accounting of those differences and payments based upon Court order.  See Docket No. 1, ¶ 48; Docket No. 63, ¶ 46.

In particular, the court would be interested in seeing any available authority or reasoning that would support Ohio Casualty's apparent conclusion that the interpleader plaintiff need not actually deposit the sum in controversy at the time the action is filed.  It is not clear at this stage whether Ohio Casualty's original faulty invocation of the court's jurisdiction was deliberate, negligent, or something

---

[1](...continued)
is dismissed for lack of subject matter jurisdiction.  *Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003) (suggesting that costs could be awarded under 28 U.S.C. § 1919).

else.  However that question is answered, the present record suggests that Ohio Casualty has now decided to take advantage of its faulty invocation of the court's jurisdiction as a clever tactical device.  By waiting to make the deposit, Ohio Casualty would have been able to take advantage of a favorable decision by depositing the sum with the court, thus securing the court's jurisdiction.  But Ohio Casualty could avoid the binding effect of an unfavorable decision by walking away without depositing the disputed sum with the court, as it is now doing.

The injury inflicted on the defendants by these tactics obviously would be at least a substantial portion of the attorney fees incurred as a result of Ohio Casualty's interpleader action.  Ohio Casualty's conduct also appears to have inflicted harm on the court, taxpayers, and other litigants by demanding that the court devote substantial time and energy to the case, from which Ohio Casualty has chosen to walk away when it was disappointed with at least some of the results.  See generally *Dominguez v. Figel*, 626 F. Supp. 368, 374 (N.D. Ind. 1986) (calculating Rule 11 sanctions by applying conservative estimate that each hour spent on case by district judge cost the government $600 in 1985), citing Levin and Colliers, *Containing the Costs of Litigation*, 37 Rutgers L. Rev. 219, 227 (1985); see also *Enright v. Auto-Owners Ins. Co.*, 2 F. Supp. 2d 1072, 1076 n.2 (N.D. Ind. 1998) (estimating that $600 rate should be increased to approximately $900 in 1998).

The dismissal for lack of jurisdiction does not affect the court's power to consider issues of costs and Rule 11 sanctions.  See *Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992) (affirming Rule 11 sanction imposed after dismissal of underlying case for lack of subject matter jurisdiction); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) (affirming Rule 11 sanction imposed against plaintiffs and their attorneys after voluntary dismissal of underlying case).[2]

In response to Ohio Casualty's motion to dismiss, defendant State Automobile Mutual Insurance Company ("State Auto") has filed a motion for leave to amend its cross-claim against its insureds, co-defendants Masterwear, James A. Reed, and Lou Mull Reed, which has also been deemed to be asserted against intervening defendants Sam Neal, Delores Neal, and Hometown Transmission.  State Auto originally asserted an answer and counterclaim against Ohio Casualty, as well as cross-claims against other defendants.  State Auto now proposes that its answer, counterclaim, and cross-claim be amended so as to delete all claims against Ohio Casualty, whose presence would defeat complete diversity of citizenship.  State Auto's idea seems to be to reconfigure this case so that State Auto would become the lead plaintiff, relying on diversity jurisdiction under 28 U.S.C. § 1332 to save the court's jurisdiction over this remaining portion

---

[2]The "safe harbor" amendment to Rule 11 modified the ruling of *Cooter & Gell* in part, but the amendment did not affect the point that is relevant here.  See *De La Fuente v. D.C.I. Telecomms., Inc.*, 259 F. Supp. 2d 250, 257 n.4 (S.D.N.Y. Mar. 4, 2003), *aff'd in relevant part*, 82 Fed. Appx. 723 (2d Cir. 2003).

of the case.  Co-defendant City of Martinsville has responded to oppose State Auto's motion, arguing that the proposed reconfiguration of the case would not solve the jurisdictional problems posed by Ohio Casualty's about-face.  Co-defendants Charles Mason, Ruby Pruitt, the Neals, and Hometown Transmission have also opposed State Auto's motion for essentially the same reasons.

Much as the court wishes it were possible to save at least part of the day as State Auto has proposed, the court does not believe the proposal will work.  This is not a case in which the court has had supplemental jurisdiction over state law claims and might choose to exercise that supplemental jurisdiction even after resolution of claims that gave the court original subject matter jurisdiction.  *E.g.*, *Graf v. Elgin, Joliet & Eastern Ry. Co.*, 790 F.2d 1341, 1347-48 (7th Cir. 1986).  The consequence of Ohio Casualty's tactics is that the court has never had jurisdiction over this matter.  The court therefore may not exercise supplemental jurisdiction over other portions of the case.  *E.g.*, *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805-06 (9th Cir. 2001) (drawing precisely this distinction and ordering dismissal of already-tried supplemental claims for lack of jurisdiction).  In the face of these principles, State Auto's creative idea is that a moment before dismissal for lack of jurisdiction, the case could metamorphose into a narrower case within the court's jurisdiction.  State Auto has not cited authority providing direct support for its proposal, and its conclusion in favor of jurisdiction is not obvious, even though less radical amendments have saved federal jurisdiction on occasion.  See, *e.g.*, *Bernstein v. Lind-Waldock & Co.*,

738 F.2d 179, 185-86 (7th Cir. 1984) (upholding federal jurisdiction when, after improper removal, plaintiff voluntarily added a federal claim to his amended complaint and the case then proceeded to judgment in the district court).

At the very best, State Auto's proposal is a high-risk strategy, one that risks even further litigation under a very dark jurisdictional cloud, as other defendants have pointed out. There is a very real prospect that if the court were to grant State Auto's motion, the parties would spend still more time, money and energy in this court, and that the ultimate result would be set aside for lack of jurisdiction. The court is persuaded that even if State Auto's proposal might survive close scrutiny, the more prudent approach in exercising the court's discretion under Rule 15(a) of the Federal Rules of Civil Procedure is to deny the motion to amend and to dismiss this entire action for lack of subject matter jurisdiction. If any party wishes to file a new action in this court within its original jurisdiction, the court will act promptly to coordinate any such action with the other related actions and to avoid as much waste of time, effort, and expense as possible.

Accordingly, plaintiff Ohio Casualty's motion to dismiss for lack of subject matter jurisdiction is hereby granted, albeit reluctantly, and the court will enter final judgment. The court does not expect that this ruling would affect the use of discovery taken in the federal cases consolidated for purposes of discovery. The court expresses no view on possible future use of federal discovery in possible

future state court litigation.  In addition, Ohio Casualty shall show cause **no later than November 22, 2006** why it has not violated Rule 11(b) as specified above.

Defendants may submit cost petitions under 28 U.S.C. § 1919 **no later than November 22, 2006**.  Also, 28 days after Ohio Casualty responds to the court's order to show cause, any defendant may file a response on the merits of the Rule 11 issues.  If the court finds a Rule 11 violation, defendants will have a later opportunity to submit specific requests for monetary sanctions in their favor.


    So ordered.


Date:  November 2, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana


Copies to:

Thomas Andrew Benson
U.S. DEPARTMENT OF JUSTICE - ENVIRONMENTAL ENFORCEMENT
thomas.benson@usdoj.gov

Theodore J. Blanford
HUME SMITH GEDDES GREEN & SIMMONS
tblanford@humesmith.com

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com

Stephen P. Brown
PLUNKETT & COONEY PC
sbrown@plunkettcooney.com

Charles W. Browning
PLUNKETT & COONEY, P.C.
cbrowning@plunkettcooney.com

Adam A. Carroll
HUME SMITH GEDDES GREEN & SIMMONS
acarroll@humesmith.com

Michael D. Chambers
SOMMER BARNARD ATTORNEYS, PC
mchambers@sommerbarnard.com

Frank J. Deveau
SOMMER BARNARD ATTORNEYS, PC
fdeveau@sommerbarnard.com

Jonathan P. Emenhiser
PLEWS SHADLEY RACHER & BRAUN
jemenhiser@psrb.com

Peter Ralph Foley
FOLEY FOLEY & PEDEN
peterffplaw@insightbb.com

David R. Gillay
BARNES & THORNBURG LLP
david.gillay@btlaw.com

Edward S. Griggs
BARNES & THORNBURG LLP
sean.griggs@btlaw.com

Kandi Kilkelly Hidde
BINGHAM MCHALE
khidde@binghammchale.com

Barbara A. Jones
BINGHAM MCHALE, LLP
bjones@binghammchale.com

Timothy J. Junk
INDIANA STATE ATTORNEY GENERAL
tjunk@atg.state.in.us

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Michelle H. Kazmierczak
KIGHTLINGER & GRAY
mkazmierczak@k-glaw.com

Ginny L. Peterson
KIGHTLINGER & GRAY
gpeterson@k-glaw.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

Jana K. Strain
PRICE WAICUKAUSKI & RILEY
jstrain@price-law.com

Brad R. Sugarman
SOMMER BARNARD ATTORNEYS, PC
bsugarman@sommerbarnard.com

Karen E. Torrent
UNITED STATES DEPARTMENT OF JUSTICE
karen.torrent@usdoj.gov

William C. Wagner
SOMMER BARNARD ATTORNEYS, PC
wwagner@sommerbarnard.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

Jill E. Zengler
UNITED STATES ATTORNEY'S OFFICE
jill.zengler@usdoj.gov